**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


LARNELL HICKS, ET AL.                                                    PLAINTIFFS

v.                                                   Civil Action No. 3:03-cv-1066WS

SAFEWAY INSURANCE COMPANY,
ET AL.                                                                   DEFENDANTS


## MEMORANDUM OPINION AND ORDER DENYING REMAND

Both plaintiffs and defendant Safeway Insurance Company ("Safeway") have

motions before the court.  The plaintiffs here are Larnell Hicks and Anthony Grinston.

Aggrieved that defendants, Safeway, Sandra Redd and Robert Weltz, removed this

litigation from state court, namely the Circuit Court of Holmes County, Mississippi, the

plaintiffs champion the following motions in their effort to convince this court that this

lawsuit does not belong in federal court:  two motions for summary remand filed under

Title 28 U.S.C. § 1446(c)(4),[1] [docket #s 22-1 & 25-1];  two motions for remand submitted

under the authority of Title 28 U.S.C. § 1447(c),[2] [docket #s 22-2 & 25-2];  and a motion

---

[1]Title 28 U.S.C. § 1446(c)(4) states the following:  "The United States district court in which such notice is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

[2]Title 28 U.S.C. § 1447(c) provides in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

for sanctions under Rule 11,[3] Federal Rules of Civil Procedure, and Uniform Local Rule

11.3 (now eliminated),[4] [docket # 24].

Defendant Safeway has responded with the following motions:  a motion to strike

and/or for extension of time for responsive pleadings [docket #s 28-1 &  28-2];  a motion

to stay and/or for extension of time for responsive pleadings [docket #s 29-1 & 29-2];  and

a motion to dismiss plaintiff Larnell Hicks' ("Hicks") claims, filed pursuant to Rule 12(b)(6)[5]

[docket # 31].

---

[3]Federal Rule of Civil Procedure 11(b)(1)–(2) states the following:

(b)    By presenting to the court (whether by signing, filing, submitting, or later
       advocating) a pleading, written motion, or other paper, an attorney or
       unrepresented party is certifying that to the best of the person's knowledge,
       information, and belief, formed after an inquiry reasonable under the
       circumstances,
       (1)    it is not being presented for any improper purpose, such as
              to harass or to cause unnecessary delay or needless
              increase in the cost of litigation;  [and]
       (2)    the claims, defenses, and other legal contentions therein are
              warranted by existing law or by a nonfrivolous argument for
              the extension, modification, or reversal of existing law or the
              establishment of new law[.]

[4]Former Uniform Local Rule 11.3 stated the following:  "A frivolous motion or opposition to
a motion on frivolous grounds may result in the imposition of appropriate sanctions, including the
assessment of costs and attorneys' fees."

[5]Federal Rule of Civil Procedure 12(b)(6) states the following:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim,
counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive
pleading thereto if one is required, except that the following defenses may at the
option of the pleader be made by motion:  (6) failure to state a claim upon which
relief can be granted.

The defendants initially removed this action from state court to this federal forum under Title 28 U.S.C. § 1332,[6] diversity of citizenship.  Afterwards, defendants filed a notice of supplemental removal under Title 28 U.S.C. § 1334,[7] alleging federal question jurisdiction owing to plaintiff Hick's filing of bankruptcy.  Accordingly, upon considering the remand question, this court must examine plaintiff Hicks' history in the bankruptcy court and whether plaintiffs improperly joined the in-state defendants.  For the following reasons, this court denies plaintiffs' motions to remand;  finds as moot defendant Safeway's motions to stay, to dismiss, and for extension of time for responsive pleadings; and denies all other outstanding motions.

## I.    Pertinent Facts and Procedural Posture

Plaintiffs claim that they were involved in a two-car automobile accident on May 15, 2002, and that the other vehicle involved left the scene in a hit and run.  Plaintiff Hicks points to an insurance policy with defendant Safeway that, says plaintiff, should provide coverage for this mishap.  Defendant Sandra Redd ("Redd") was Safeway's insurance adjuster, and defendant Robert Weltz ("Weltz") was the field investigator assigned to plaintiff Hicks' claim.  Plaintiffs allege that, based upon information provided by defendants Redd and Weltz, defendant Safeway improperly denied coverage for damages resulting from the accident even though plaintiff Hicks had maintained

---

[6]Title 28 U.S.C. § 1332(a)(1) provides in pertinent part:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

[7]Title 28 U.S.C. § 1334(b) provides the following:  "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

uninsured motorist insurance coverage;  had paid all premiums owed on the policy which was active and effective at the time of the car wreck;  and had provided defendant Safeway with appropriate notice of the accident.

Subsequently, plaintiffs filed the instant action in state court on or about June 11, 2003, asserting state-law claims of breach of contract and bad-faith breach of contract. Defendants removed this civil action to this federal forum on September 2, 2003, contending that this court possesses diversity jurisdiction over the parties pursuant to Title 28 U.S.C. § 1332 and that plaintiffs improperly had joined defendants Redd and Weltz. Plaintiffs here are adult Mississippi citizens;  defendant Safeway is a foreign insurance company with its principal place of business outside of Mississippi;  and defendants Redd and Weltz are adult Mississippi citizens.  Complete diversity is a statutory requirement under § 1332.  *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).  In the absence of complete diversity, as alleged by plaintiffs, this court must remand this action to state court.

Defendants filed a notice of supplemental removal on March 11, 2004, averring that this court also has federal-question jurisdiction over the parties under Title 28 U.S.C. § 1334 because this civil action arises under Title 11 due to plaintiff Hicks' bankruptcy

filing.[8]  Plaintiff Hicks filed for Chapter 13 bankruptcy on June 5, 2003, just six (6) days prior to filing a complaint against defendants in state court.  The Bankruptcy Judge dismissed plaintiff Hicks' bankruptcy petition on September 29, 2003, and closed the bankruptcy estate on November 20, 2003, because plaintiff Hicks had failed to commence timely plan payments.  Notwithstanding this dismissal, defendants argue that this court should exercise jurisdiction over this dispute because of the bankruptcy situation.

Plaintiffs claim that defendants' supplemental removal notice is faulty for several reasons.  Firstly, plaintiffs contend that the supplemental removal notice is untimely since defendants were under a duty to investigate all matters pertaining to or in support of their notice of removal and that a PACER search or other reasonable investigation would have led defendants to plaintiff Hicks' bankruptcy petition.  Further, plaintiffs point out that defendants acknowledge that plaintiff Hicks' Chapter 13 bankruptcy was dismissed, which demonstrates that no bankruptcy case exists to which the present case now can be said to relate.

Plaintiffs filed a motion for summary remand or, alternatively, to remand on September 30, 2003;  plaintiffs filed supplemental remand motions on April 8, 2004.  Upon reviewing these remand motions, this court questioned whether plaintiffs had authority to file this lawsuit when they did because plaintiffs were then in bankruptcy.

---

[8]Defendants also claim that this court has jurisdiction over the claims of plaintiff Anthony Grinston ("Grinston") on the basis of improper joinder and diversity jurisdiction even though defendants have not asserted federal-question jurisdiction over Grinston's claims.  Defendants further argue that there is no basis for severing Grinston's claims and remanding them to state court.

Ordinarily, assets of a bankrupt estate upon a debtor's filing of bankruptcy belong to the Trustee.

Accordingly, in an August 24, 2004 order, this court denied plaintiffs' earlier-urged remand motions and instructed plaintiffs' counsel to determine whether the Trustee had abandoned this lawsuit to the plaintiffs.  This court then authorized plaintiffs to re-urge their motions to remand this matter to state court if the Trustee so indicated in a written pronouncement.  This court further ordered plaintiffs' counsel to advise this court within ten (10) days of the date of the August 24, 2004, order as to the progress made on this matter.

Plaintiffs complied with the court order in its renewed remand motions, filed September 7, 2004.  With those motions, plaintiff attached a statement from the Trustee regarding the Chapter 13 bankruptcy filing of plaintiff Hicks, dated and signed August 27, 2004, in which the Trustee said, *inter alia*, the following:

> 5.    I, Chapter 13 Trustee, hereby release Mr. Hicks' claim for damages to be pursued by the law firm of Tabor & Chhabra P.A. for the benefit of Mr. Hicks.
> 6.    I, Chapter 13 Trustee, hereby relinquish/abandon this claim.
> 7.    Mr. Hicks has committed no fraud upon the debtor(s).[9]

Given that the plaintiffs timely complied with this court's order, the court now  will entertain the merits of plaintiffs' re-urged remand motions and defendants' responses thereto.  Thus, defendants' motion to strike plaintiffs' remand motions, filed on September 10, 2004, [docket # 28], must be denied, and defendants' motion to stay [docket # 29], filed the same day, is hereby terminated as moot.  The court is at a loss as to why defendants

_____

[9]The court presumes that the Trustee meant "no fraud upon the creditor(s)."

filed their motions to strike and stay given this court's instructions to plaintiffs in its August 24, 2004, order.  Further, this court finds defendants' motions to extend time for responsive pleadings moot [docket # 42] since they filed a response to plaintiffs' remand motions on January 21, 2005.

On October 29, 2004, defendant Safeway filed a motion to dismiss plaintiff Hicks' claims, pursuant to Rule 12(b)(6), contending that plaintiff Hicks had failed to disclose the claims in this civil action in the bankruptcy proceedings.  Not only does defendant Safeway argue that plaintiff Hicks' claims are barred by the doctrine of judicial estoppel, but defendant Safeway also contends that plaintiff Hicks lacks standing to bring his claims pursuant to Title 11 U.S.C. § 541[10] despite the fact that the Trustee has relinquished and abandoned plaintiff Hicks' claims in this case.  Plaintiffs' counsel submitted a letter to this court, dated November 23, 2004, which states that defendants' motion to dismiss was without merit since, at the time, defendants had filed a motion to dismiss but had not yet filed a response to plaintiffs' remand motions.[11]

## II.    Relevant Law and Application

"Federal courts are courts of limited jurisdiction . . . [and] must presume that a suit lies outside this limited jurisdiction."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S. Ct. 459, 151 L. Ed. 2d 377 (2001).  Moreover,

---

[10]Title 11 U.S.C. § 541(a) states, in pertinent part, the following:  "The commencement of a case under section 301, 302, or 303 of this title [Title 11 U.S.C. §§ 301 (voluntary bankruptcy case), 302 (joint cases), or 303 (involuntary cases)] creates an estate."

[11]As stated, *supra*, defendants did not file a response to plaintiffs' remand motions until January 21, 2005.

defendants bears the burden of demonstrating this court's jurisdiction and that removal was proper.


A.    *Motions for Summary Remand*

First, the court addresses plaintiffs' motion for summary remand of this case. Plaintiffs cite Title 28 U.S.C. § 1446(c)(4), which states the following:  "The United States district court in which such notice is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  The "such notice" to which § 1446(c)(4) refers can be found in § 1446(c)(1), which covers "notice of removal of a criminal prosecution."  Clearly, then, the summary remand provided for in § 1446 "is available only in criminal proceedings.  It is inapplicable to this civil proceeding." *Williamson v. Haynes Best W.*, No. 94-1845, 1994 U.S. Dist. LEXIS 8421, at *3 n.4 (E.D. La. June 20, 1994);  *see also Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 51 (3d Cir. 1995) ("We believe defendants are probably correct that section 1446(c)(4) applies only to removals of criminal prosecutions . . . .").  Thus, the court denies plaintiffs' motions for summary remand since this litigation is wholly civil.

B.    *Motions to Remand*

Removal jurisdiction must be strictly construed because it implicates important federalism concerns.  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). "Any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).  The federal trial court must be certain of its

jurisdiction before it embarks "upon a safari in search of a judgment on the merits."  *B.,*

*Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  The burden of establishing

federal jurisdiction is on the party or parties seeking removal, in this case the defendants.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002);  *Winters*

*v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998), *cert. denied*, 526

U.S. 1034, 119 S. Ct. 1286, 143 L. Ed. 2d 378 (1999);  *Dodson v. Spiliada Mar. Corp.*,

951 F.2d 40, 42 (5th Cir. 1992);  *see also* 14C C. WRIGHT, A. MILLER & E. COOPER,

FEDERAL PRACTICE AND PROCEDURE § 3739, at 424 (3d ed. 1998) ("It is . . . well-settled

under the case law that the burden is on the party seeking to preserve the district court's

removal jurisdiction . . . to show that the requirements for removal have been met.").

     *1.*      *Federal-Question Jurisdiction:  Bankruptcy*

     Authority to remove a case relating to a case under Title 11 resides in Title 28

U.S.C. § 1452(a):

> A party may remove any claim or cause of action in a civil action other than
> a proceeding before the United States Tax Court or a civil action by a
> governmental unit to enforce such governmental unit's police or regulatory
> power, to the district court for the district where such civil action is pending,
> if such district court has jurisdiction of such claim under section 1334 of this
> title.

*Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001).  Certain matters related to the

debtor's bankruptcy may be included within the ambit of federal bankruptcy jurisdiction

under § 1334(b).  As the United States Supreme Court has noted, "related to" bankruptcy

proceedings include (1) causes of action owned by the debtor that become property of

the estate pursuant to Title 11 U.S.C. § 541 and (2) suits between third parties that have

an effect on the bankruptcy estate.  *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5,

115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995).

Within the Fifth Circuit, the test for whether a proceeding properly invokes federal

bankruptcy jurisdiction is whether the anticipated outcome of this action could (1) alter the

rights, obligations, and choices of action of the debtor, and (2) conceivably have an effect

on the administration of the estate.  *In re Walker*, 51 F.3d 562, 569 (5th Cir. 1995);  *see*

*also In re Canion*, 196 F.3d 579, 585, 587 n.30 (5th Cir. 1999) (citing *Copelin v. Spirco,*

*Inc.*, 182 F.3d 174 (3rd Cir. 1999) (stating that certainty, or even likelihood of such an

effect, is not a requirement);  *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).  The existence

of subject-matter jurisdiction is determined at the time of removal.  *Arnold*, 278 F.3d at

434.

> <u>a.</u>    <u>Mandatory Abstention</u>

Plaintiff contends that this court should abstain from assuming jurisdiction in this

case pursuant to the mandatory abstention doctrine.  Section 1334 provides that the

district court shall abstain from taking jurisdiction where a case implicates only state law

claims and is simply "related to" a bankruptcy case, as opposed to having "arose under" a

bankruptcy case.  The text of Title 28 U.S.C. § 1334(c)(2) provides that

> [u]pon timely motion of a party in a proceeding based upon a State law
> claim or State law cause of action, related to a case under title 11 but not
> arising under title 11 or arising in a case under title 11, with respect to which
> an action could not have been commenced in a court of the United States
> absent jurisdiction under this section, the district court shall abstain from
> hearing such proceeding if an action is commenced, and can be timely
> adjudicated, in a State forum of appropriate jurisdiction.

Under the provisions of this statute, federal courts must abstain from hearing a state law claim if the following requirements are met:  (1) a motion has been timely filed requesting abstention;  (2) the cause of action is essentially one that is premised on state law;  (3) the proceeding is non-core or related to the bankruptcy case;  (4) the proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case;  and (5) the proceeding has already been commenced and can be timely adjudicated in a state court forum.  *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574, 583 n.9 (S.D. Miss. 2001);  *see also Schuster v. Mims* (*In re Rupp & Bowman Co.*), 109 F.3d 237, 239 (5th Cir. 1997);  *Gober v. Terra + Corp.* (*In re Gober*), 100 F.3d 1195, 1206 (5th Cir. 1996).

Defendants contend that this court should retain jurisdiction of this matter because a substantial federal interest has been invoked or affected.  Specifically, defendants contend that although plaintiffs do not allege a cause of action based upon federal law, this lawsuit features evidence of foul play or abuse of the bankruptcy rules since plaintiff Hicks intentionally withheld the existence of a claim from the Bankruptcy Judge.  Title 11 U.S.C. § 521 requires a debtor to list a schedule of his assets and liabilities.  The Fifth Circuit has interpreted this disclosure requirement to include even "contingent and unliquidated claims."  *In re Coastal Plains, Inc.*, 179 F.3d 197, 207–08 (5th Cir. 1999).  Plaintiff Hicks, emphasizes defendants, obviously knew of potential claims when filing his bankruptcy petition.

The court is unpersuaded by defendants' arguments.  As stated above, the Bankruptcy Judge *dismissed* plaintiff Hicks' Chapter 13 bankruptcy petition pursuant to

Title 11 U.S.C. § 1307[12] (and therefore never got to discharging plaintiff Hicks' debts) because he never made any plan payments.  Thus, plaintiff Hicks does not currently have a bankruptcy case pending.  Further, as earlier indicated, the Trustee indicated that he not only abandons and relinquishes plaintiff Hicks' claims against defendants, but also that plaintiff has not committed fraud against his creditors.  The court anticipates no adverse effect upon the efficient administration of any bankruptcy estate if this court were to abstain and remand, particularly since there is currently no open bankruptcy case that exists as an impediment to remand.  Plus, as far as this court is aware, no one has moved the bankruptcy court to reopen the bankruptcy case;  nor does it appear likely that the bankruptcy case will be reopened.

All of the elements supporting mandatory abstention under federal-question grounds are present in the instant case with regard to plaintiffs' claims against defendants.  The instant lawsuit involves various claims under Mississippi law brought in state court that could have been adjudicated there in a timely fashion.  Furthermore, in the event that any core matter would ever arise in this case, the state court is fully capable of severing that matter from the rest of the lawsuit if severance is found by the court to be required.  It is appropriate for this court to abstain when an action already has

---

[12]Title 11 U.S.C. § 1307(c)(4) states the following:

Except as provided [otherwise], on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter [Title 11 U.S.C. §§ 1301 *et seq.*] to a case under chapter 7 of this title [Title 11 U.S.C. §§ 701 *et seq.*], or may dismiss a case under this chapter [Title 11 U.S.C. §§ 1301 *et seq.*], whichever is in the best interests of creditors and the estate, for cause, including failure to commence making timely payments under section 1326 of this title [Title 11 U.S.C. § 1326].

commenced and can be timely adjudicated in a state court with appropriate jurisdiction. So, even if "related to" jurisdiction is present in the instant case, inasmuch as all the requirements for applying mandatory abstention under § 1334(c)(2) are present, this court must abstain from hearing this lawsuit under its federal-question jurisdiction. *Rand v. Empire Funding Corp.*, 132 F. Supp. 2d 497, 502 (S.D. Miss. 2000).

<u>b.</u>     <u>Discretionary Abstention</u>

Alternatively, even if this case does not merit mandatory abstention, under Title 28 U.S.C. § 1334(c)(1), this court has "broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *In re Gober*, 100 F.3d at 1206 (quoting §1334(c)(1) and citing *In re Wood*, 825 F.2d at 93).  The Fifth Circuit in *In re Wood* noted that §1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case." 825 F.2d at 93.  Furthermore, § 1452(b) permits a federal district court, on any equitable ground, to remand a claim related to a bankruptcy case that has been removed to federal court.  Therefore, even if this court had not found mandatory abstention under §1334(c)(2) to be applicable in the instant case, this court still could exercise discretionary abstention under § 1334 (c)(1).

This court must consider the following fourteen factors when the question of discretionary abstention arises under §§ 1334(c)(1) and 1452(b):

(1) the effect or lack thereof on the efficient administration of the estate of the Court recommends abstention, (2) extent to which state law issues predominate over bankruptcy issues, (3) difficult or unsettled nature of applicable law, (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding, (5) jurisdictional basis, if any, other than § 1334, (6) degree of relatedness or remoteness of proceeding to main bankruptcy case, (7) the substance rather than the form of an asserted core proceeding, (8) the feasibility of severing the state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, (12) the presence in the proceeding of nondebtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action.

*Searcy v. Knostman*, 155 B.R. 699, 710 (S.D. Miss. 1993);  *see also In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir.), *cert. denied*, 527 U.S. 1004, 119 S. Ct. 2339, 144 L. Ed. 2d 236 (1999).

Many, if not all, of these factors favor discretionary abstention.  This court can ascertain no adverse effect upon the efficient administration of the bankruptcy estate that might be proceeding in bankruptcy court if this court remands the instant matter to state court.  Plaintiff's state-law complaint presents questions solely of state law.  Also, plaintiff has the right to demand a jury trial against defendants in state court.  No current bankruptcy proceedings are ongoing, so "related to" jurisdiction is absent;  further, Hicks' debts were never discharged since the Bankruptcy Judge dismissed his bankruptcy case before it could ripen into one meriting discharge.

In *Searcy*, the court determined that "defendants ha[d] simply offered no factual proof justifying retention . . . , and since many of the factors support[ed] a state court adjudication of t[he] case, [the] court [was] persuaded that equity favor[ed] a remand to

state court." 155 B.R. at 710.  Similarly, this court is persuaded that defendants in this case have not offered proof to demonstrate that this case may not be timely adjudicated in the action commenced under the jurisdiction of the state court and finds that equitable factors, on top of the mandatory rationale outlined above, support state-court adjudication of this case on federal-question grounds.  Therefore, this court declines bankruptcy jurisdiction over this case since plaintiff's Chapter 13 bankruptcy — which the Bankruptcy Judge later *dismissed* — does not, without more, give the instant case wholly federal character.

<u>2.</u>      *Diversity Jurisdiction:  Improper Joinder*

Having now dispensed with defendants' assertions that this court has federal-question jurisdiction over this case, the court now turns to whether it has diversity jurisdiction.  The doctrine of improper joinder, formerly known as fraudulent joinder, has been firmly rooted in our jurisprudence for quite some time.  Indeed, the United States Court of Appeals for the Fifth Circuit has held that to show improper joinder, the removing party must demonstrate that either (1) plaintiffs fraudulently pleaded false jurisdictional facts, or (2) there is no reasonable basis on which the district court can predict that plaintiffs might be able to recover against the non-diverse defendants.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc).  Defendants contends that they should prevail under the second type of improper joinder.

The court may resolve whether a plaintiff has a reasonable basis of recovery under state law by conducting

> a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the [non-diverse] defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Smallwood*, 385 F.3d at 573.  Further, this court must consider whether plaintiffs can establish the theories of liability that they pleaded in the state-court complaint.  *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263-64 (5th Cir. 1995).  A district court may not dismiss a complaint under 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  Although this court is limited to review of the complaint and attached papers when conducting a Rule 12(b)(6) inquiry, for purposes of determining improper joinder, it may pierce the pleadings and consider summary judgment-type evidence.  *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).  In reviewing that evidence and the complaint, this court considers unchallenged factual allegations in the light most favorable to the plaintiff and resolve contested fact issues and ambiguities in controlling state law in plaintiff's favor. *Id.*

The Fifth Circuit often has noted that "[t]o establish that a non-diverse defendant has been [improperly] joined to defeat diversity, the removing party must prove . . . that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court."  *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).  In *Travis*, the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the improper joinder question:

16

> [T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned.  If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder.  This *possibility, however, must be reasonable*, not merely theoretical."

326 F.3d at 648 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  Furthermore, "[a]ny argument that a gap exists between the 'no possibility' and 'reasonable basis' of recovery language was recently narrowed, if not closed," *id.*, since the two concepts are to be viewed the same.  The Fifth Circuit also has stated that "conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not [improperly] joined." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 390 (5th Cir. 2000);  *see also id.* (stating further that removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the instate defendant").

Otherwise, the same requirements apply to removal on the basis of improper joinder.  The burden of persuasion placed upon those who cry improper joinder always has been a heavy one. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  A defendant who removes on the basis of improper joinder must prove the alleged fraud by clear and convincing evidence. *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1991).  In reviewing a claim of improper joinder, this court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff. *Burden*, 60 F.3d at 216.  If there is any possibility that the plaintiff has stated a cause of

17

action against a non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded. *Id.*

This court's evaluation of improper joinder claims does not anticipate a judgment on the merits, but merely considers whether there is any possibility that the plaintiff might prevail.  Mindful of this court's obligation to exercise diversity jurisdiction only in cases of complete diversity, the court will not authorize removal on the basis of improper joinder unless there is no possibility that the plaintiff could state a cause of action against the non-diverse defendant.  *B., Inc.*, 663 F.2d at 549.

Having reviewed the submissions of the parties, the central question is whether an insurance adjuster or investigator can be held personally liable for his/her actions in evaluating and administering a claim.  The answer appears to be yes, but only under certain circumstances.  Previously, the Mississippi Supreme Court *Griffin v. Ware*, 457 So. 2d 936, 940 (Miss. 1984), held that "adjusters employed by an insurer, who were not parties to the agreement for insurance, are not subject to an implied duty of good faith and fair dealing to the insured."  Seven years later, the Mississippi Supreme Court reversed itself in *Bass v. California Life Insurance Co.* by holding that adjusters could be liable for gross negligence, malice, or reckless disregard for an insured's rights.  581 So. 2d 1087, 1090 (Miss. 1991) (quoting *Dunn v. State Farm Fire & Cas. Co.*, 711 F. Supp. 1359, 1361 (N.D. Miss. 1987)).

18

For many years, the Mississippi Supreme Court did not apply the precepts announced in *Bass*, and several state and federal courts expressed confusion over its application in various contexts.  Only last year did the Mississippi Supreme Court take the occasion to clarify and reaffirm its holding in *Bass*:

> While this Court has not utilized the Bass standard, the federal courts and the Mississippi Court of Appeals have considered and applied it.  *See, e.g.*, *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 819 (S.D. Miss. 2002), *aff'd sub nom.*, *Ross v. CitiFinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003); *Skinner v. USAble Life*, 200 F. Supp. 2d 636, 640 (S.D. Miss. 2001) (pointing out federal court's expression of "uncertainty" regarding this Court's creation of separate standard of care for agents such as insurance adjusters); *Russell v. New York Life Ins. Co.*, 1997 U.S. Dist. LEXIS 9917, 1997 WL 170317, *4 (N.D. Miss. 1997) (stating that this Court's holding in *Bass* "muddied the waters a bit in this context"); *Rasberry v. Blue Cross & Blue Shield of Mississippi*, 850 So. 2d 1194, 1200 (Miss. Ct. App. 2002) (affirming summary judgment in favor of third party insurance administrator and holding that no bad faith was shown).

> As two federal court opinions make apparent, the absence of cases which discuss and apply the *Bass* standard has caused some confusion.  However, we take this opportunity to revisit our holding in *Bass* and conclude it  plainly states and we now reiterate that an insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection its work on a claim.  Such an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct:  gross negligence, malice, or reckless disregard for the rights of the insured.

*Gallagher Bassett Servs. v. Jeffcoat*, 887 So. 2d 777, 783 (Miss. 2004).  It is plain, then, that in-state defendants Redd and Weltz could be found independently liable if their

actions amount to either gross negligence, malice, or reckless disregard for plaintiff Hicks'

rights.  Thus, this court must decide whether defendants have demonstrated that plaintiffs

have absolutely no possibility of recovery against the in-state defendants.

    In their complaint, plaintiffs allege that the in-state defendants acted grossly and

recklessly negligent.  To withstand defendants' contention that plaintiffs have no

cognizable lawsuit against these defendants, plaintiffs must support their "grossly and

recklessly negligent" accusation with some proof.  Plaintiffs' submissions show their upset

with these defendant agents lies with how these defendants conducted plaintiffs'

Examinations Under Oath.  According to plaintiffs, these defendants conducted the

Examinations Under Oath in a manner clearly intended to prejudice the plaintiffs.

Plaintiffs do not allege that the in-state defendants changed the plaintiffs' responses, nor

that they even distorted the statements of the plaintiffs, nor that they intimidated or

coerced the plaintiffs into making self-defeating statements.  The plaintiffs simply do not

like the manner in which they were questioned by the in-state defendants.  This court has

reviewed the questions and answers provided in the Examinations Under Oath and this

court is simply unable to see the interrogative prejudice claimed by plaintiffs.  Thus, this

court is left with in-state defendants Redd and Weltz who have been joined to this action

where they played no direct role in denying plaintiffs' claims for insurance coverage, but

where plaintiffs are simply aggrieved over how these agents questioned them in plaintiffs'

Examinations Under Oath.  Therefore, upon review of the complaint *in toto*, and using a

Rule 12(b)(6)-type analysis, this court finds that the defendants have shown that plaintiffs

have absolutely no possibility of recovery against the in-state defendants for the bad-faith

breach of contract claim.  Accordingly, this court  finds that plaintiffs improperly joined in-state defendants Redd and Weltz so as to defeat this court's diversity jurisdiction.


C.      _Motion to Dismiss/Judicial Estoppel_

Defendants contend that plaintiff Hick's failure to disclose his claims in this civil action estop him from pursuing this case.  Judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996).  The Fifth Circuit requires that "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one;  (2) the court must have accepted the previous position;  and (3) the non-disclosure must not have been inadvertent. *Superior Crewboats, Inc. v. Primary P & I Underwriters* (*In re Superior Crewboats, Inc.*), 374 F.3d 330, 335 (5th Cir. 2004) (citing *Scarano v. Cent. R.R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)).  The second prong is satisfied when a court has "necessarily accepted, and relied on" a party's position in making a determination. *Ahrens v. Perot Systems Corp.*, 205 F.3d 831, 836 (5th Cir. 2000).  The previous court's acceptance of a party's argument could be "either as a preliminary matter or as part of a final disposition." *Browning Mfg. v. Mims* (*In re Coastal Plains, Inc.*), 179 F.3d 197, 206 (5th Cir. 1999).  This doctrine serves to "prevent parties from playing fast and loose with the courts to suit to exigencies of self interest." *Id.* at 205.

The Bankruptcy Code requires a debtor to list all of his assets when seeking to have his debts discharged through bankruptcy.  This requirement includes an obligation

to list any potential legal claims, such as claims for money damages of the type plaintiff's lawsuit asserts.  Title 11 U.S.C. § 521;[13]  *In re Costal Plains*, 179 F.3d at 207–08.  "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action."  *Id.* at 208.

In the case at bar, plaintiff's schedule of assets and the statement of financial affairs both asked whether he had any legal claims to be identified.  Question 4a. of the statement of financial affairs asks whether the debtor (in this case, plaintiff Hicks) has any "suits and administrative proceedings to which the debtor *is or was* a party within **one year** immediately proceeding the filing of this bankruptcy case" (first emphasis added).  Plaintiff Hicks checked the box indicating that he had no such suits or administrative proceedings when he filed his bankruptcy petition.  There is no record of plaintiff Hicks' contacting the Trustee or the Bankruptcy Judge of this lawsuit.  Again, it is worth repeating that the Bankruptcy Judge dismissed plaintiff Hicks' bankruptcy petition because he failed to make the requisite payments to sustain the action.  Plaintiff Hicks' failure to disclose had no bearing upon the Bankruptcy Judge's dismissing his petition.  *Cf. In re Superior Crewboats, Inc.*, 374 F.3d at 335 (finding that the bankruptcy court issued a "no asset" discharge, thereby adopting the debtors' position).  Therefore, judicial estoppel does not apply in the instant case.

---

[13]Title 11 U.S.C. § 521(1) states that the debtor shall "file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs."

### III.   Conclusion

Based upon the foregoing, this court hereby finds that plaintiffs' motions to remand are not well taken and are denied.  Although the court is unpersuaded that it has subject matter over this litigation pursuant to federal-question jurisdiction, this court is persuaded that it has subject matter jurisdiction under diversity of citizenship because plaintiffs improperly joined the in-state defendants, and because no one disputes that this litigation features the requisite amount in controversy to satisfy the strictures of § 1332.  Without the presence of Redd and Weltz, this court has complete diversity of citizenship between the parties.  Resultantly, this court dismisses the in-state defendants, Redd and Weltz, from this litigation.  Accordingly, this court denies plaintiffs' motions for remand [docket #s 22-1, 22-2, 25-1, and 25-2.  The court, however, denies Safeway's motion to dismiss [docket # 31].  All other motions, namely plaintiffs' motion for sanctions [docket # 24]; Safeway's motion to strike and/or for extension of time for responsive pleadings [docket #s 28-1 &  28-2];  Safeway's motion to stay and/or for extension of time for responsive pleadings [docket #s 29-1 and 29-2] are denied as moot.

The parties are directed within the next ten (10) days to contact the assigned Magistrate Judge for scheduling of a Case Management Conference.

**SO ORDERED AND ADJUDGED, this the 27th day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:03-cv-1066WS
Memorandum Opinion and Order Denying Remand

23